FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ FEB 01 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IANA ISAACS,

                Plaintiff,

-against-

THE CITY OF NEW YORK, and
*Corrections Officer* STEVEN BELL,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-4177 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

On August 31, 2010, Plaintiff Iana Isaacs ("Plaintiff") brought this action against Defendants the City of New York ("the City") and Corrections Officer Steven Bell ("Bell") under 42 U.S.C. § 1983 and state law. Plaintiff alleges that she was subjected to excessive force in violation of the Fourth and Fourteenth Amendments, and state tort law. On January 20, 2011, Defendant City of New York filed a Motion to Dismiss Plaintiff's Complaint. (See Mot. to Dismiss (Docket Entry # 16).)[1] For the reasons stated below, Plaintiff's § 1983 claim is dismissed for failure to state a claim, and Plaintiff's state-law claims are dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff is a Hospital Police Officer at the Emergency Room of Elmhurst Hospital ("the hospital") in Queens, New York. (Compl. (Docket Entry # 1) ¶ 16.) Plaintiff alleges that on or about March 8, 2010, Defendant Bell, an on-duty corrections officer of the New York City Corrections Department ("NYCCD"), escorted a detainee to the hospital where Plaintiff was

---

[1] The City moves to dismiss Plaintiff's § 1983 claim. Additionally it moves to dismiss the state-law claims as to the City. Defendant Bell has filed an Answer but has not moved to dismiss. (Answer (Docket Entry #12)).

1

working. (Id. ¶¶ 16, 17.) Plaintiff states that she accidentally spilled water on Bell, who in response poured part of his cup of hot coffee on Plaintiff's head. (Id. ¶¶ 17, 18.) When Plaintiff protested, Bell poured the rest of his cup of coffee on Plaintiff's head. Plaintiff responded by pouring more water on Bell. (Id. ¶¶ 18, 19.) Plaintiff states that Bell then attacked her by pulling her hair and punching her twice in the face. (Id. ¶ 19.) Another Hospital Police Officer intervened and restrained Bell. (Id.)

Plaintiff argues that these events occurred while Bell "was acting under 'color of law' within the scope of his duties and employment under grant of authority given by defendant City of New York and NYCCD." (Id. ¶ 13.) The City argues that Bell was not acting under color of law during the alleged incident, and therefore that Plaintiff has not stated a valid claim under 42 U.S.C. § 1983. (Def. Mem. (Docket Entry # 17) at 3-5.) In her complaint, Plaintiff also brought a claim against the City pursuant to Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658 (1978), alleging that the City failed to properly train, manage and supervise Bell and/or negligently hired and/or retained Bell. (Compl. ¶ 14). This claim was dismissed on consent. (Docket Entry of Dec. 17, 2010).

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court evaluates the sufficiency of the complaint under the "two-pronged approach" established by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). First, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1950). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand a motion to dismiss.

Iqbal, 129 S.Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. at 1950; accord Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, the allegations in the complaint must be plausible. Twombly, 550 U.S. at 564. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (internal quotation marks omitted). Plausibility "is not akin to a probability requirement," but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted).

## III. DISCUSSION

### A. Section 1983 Claim

In order to state a claim under § 1983, "two essential elements must be present: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (internal citations omitted). Here, Plaintiff has failed to plead sufficient facts to show that Bell was acting under color of law when he allegedly poured coffee on Plaintiff, grabbed her hair, and punched her repeatedly in the face. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Carlos v. Santos, 123 F.3d 61, 65 (2d Cir.1997) (quotation marks and citations omitted). The complaint states that Bell "was acting under 'color of law'

3

within the scope of his duties and employment under grant of authority given by the defendant the City of New York and NYCCD." (Compl. ¶ 13). This may be best characterized as a "threadbare recital[] of the elements of a cause of action" which is insufficient to withstand a motion to dismiss. Iqbal, 129 S.Ct. at 1949.

Bell's actions during the alleged altercation can only be characterized as a personal pursuit. "'[A]cts of officers in the ambit of their personal pursuits are plainly excluded'" from acts considered under color of law. Pitchell, 13 F.3d at 547-548 (quoting Screws v. United States, 325 U.S. 91, 111, 65 S.Ct. 1031, 1040, 89 L.Ed. 1495 (1945)). Nothing in Plaintiff's Complaint suggests that Bell engaged in any conduct that sufficiently invoked the real or apparent power of the Corrections Department. See Claudio v. Sawyer, 409 Fed.Appx. 464, 466 (2d Cir. 2011) (quoting Pitchell, 13 F.2d 545 at 548). Although individually not dispositive, factors that courts consider in deciding whether an officer acted under color of law include the duty status of the officer, whether the officer identified himself as an officer, was in uniform, flashed a badge, used a department issued weapon, or issued any commands. Miqui v. City of New York, 2003 WL 22937690 at *4 (E.D.N.Y. 2003). The only fact pleaded to support the claim that Bell was acting under color of law is that Bell was on-duty and accompanying a detainee at the time of the incident. (Compl. ¶17). The Complaint does not allege that Bell satisfied any of these other conditions.

The fact that a defendant is on-duty is not sufficient to show that he or she acted under color of law. "In assessing whether a police officer acted under color of law, the court looks beyond whether the officer was on or off duty." Perez v. City of New York, 1999 WL 1495444, at * 2 (E.D.N.Y. 1999) (citing Pitchell, 13 F.3d at 548). "[C]ourts look to the nature of the officer's act, not simply his duty status." Pitchell, 13 F.3d at 548; see also Rae v. County of

Suffolk, 693 F. Supp. 2d 217, 228 (E.D.N.Y. 2010). Multiple courts have held on-duty status insufficient to show that an officer acted under color of law.[2]

Based on the facts that Plaintiff pleaded, the present case involved an altercation of a personal nature. The Complaint describes a fight that was the result of spilled water. Without any other indicia indicating that Bell invoked the authority of his status as a Corrections Officer, it cannot be said that this was anything more than a personal frolic; and so, it was not an action under color of law. Accordingly, Plaintiff has not stated a valid claim under § 1983 and her claim is dismissed.

### B. State-Law Claims

Having dismissed Plaintiff's § 1983 claim, the court declines to exercise supplemental jurisdiction over the remaining state-law claims for assault and battery. (See 28 U.S.C. § 1367(c); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."))[3]

### C. Sanctions

The City also moved for Rule 11 sanctions, but has subsequently withdrawn this motion. (Def. Mem. at 7; Def. Reply (Docket Entry # 24) at 6.). Although Plaintiff has suggested that the

---

[2] See, e.g., Morton v. City of Albany, 2009 WL 2568595 at *5-6 (N.D.N.Y. 2009) (a police officer did not act under color of law when he pointed a loaded gun at an office typist even though he was on-duty and in the office); Segreto v. Kirshchner, 977 F. Supp. 553, 563 (D. Conn. 1997) (police officers' conduct was "purely personal in nature" and not under color of law even though they were on-duty when they allegedly harassed a coworker); Delcambre v. Delcambre, 635 F. 2d 407, 408 (5th Cir. 1981) (an altercation was personal and not under color of law where an on-duty chief of police assaulted his sister-in-law at the police station); Haines v. Fisher, 82 F.3d 1503, 1508 (10th Cir. 1996) (on-duty police officers who staged a fake robbery at a convenience store as a prank on the store clerk did not act under color of law since the officers acted within "the gambit of their personal pursuits"); Martinez v. Colon, 54 F.3d 980, 987 (1st Cir. 1995) (no state action where an on-duty police officer shot another officer with his service revolver; the incident was a "personal frolic: tormenting an acquaintance" because the altercation involved horseplay of a personal nature.).

[3] The City also moves to dismiss the state-law claims against it, arguing that there is no respondeat superior liability based on the state-law violations Bell is alleged to have committed; this aspect of the City's motion is denied as moot.

City has engaged in sanctionable conduct, Plaintiff has not moved for sanctions. (Pl. Opp. (Docket Entry # 23) at 8).

Any party wishing to move for Rule 11 sanctions must do so within 14 days of the date of this Order. If any party so moves, any opposition shall be filed no later than 14 days from the date of the motion. Any reply must be made no later than 2 days from the filing of the opposition. The motion will be decided upon submission.

## IV. CONCLUSION

As set forth above, Plaintiff's § 1983 claim is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, these claims are DISMISSED without prejudice. Fed. R. Civ. P. 12(b)(1); see 28 U.S.C. § 1367(c). Any party that wishes to move for sanctions must do so within 14 days of the date of this Order. If no party so moves within 14 days, the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
February __, 2012

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge