UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IANA ISAACS,

                  Plaintiff,

-against-

THE CITY OF NEW YORK, and
*Corrections Officer* STEVEN BELL,

                  Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-4177 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

In this court's February 1, 2012 Memorandum and Order, the parties were directed to move for Rule 11 sanctions, if they wished, within 14 days. (See Mem. and Order (Docket Entry #26) at 5-6.) On February 15, 2012, Defendant, the City of New York ("the City"), moved for sanctions against Plaintiff's counsel, Rudy M. Brown, Esq. ("Brown") and Kenechukwu Chudi Okoli, Esq. ("Okoli"), pursuant to Rule 11 of the Federal Rules of Civil Procedure. (See Notice of Mot. (Docket Entry # 29).) For the reasons state below, the City's motion is denied.

**I. BACKGROUND**

Iana Isaacs ("Isaacs") brought this action against the City and Corrections Officer Steven Bell ("Bell"). (See Compl. (Docket Entry #1).) The Complaint was brought pursuant to 42 U.S.C. § 1983 and state law. The court, in the February 1, 2012 Memorandum and Order, dismissed, with prejudice, the § 1983 claim because Plaintiff failed to plead sufficient facts to show that Bell was acting under color of law when he allegedly poured coffee on Isaacs, grabbed her hair, and punched her in the face. (See Mem. and Order at 3, 6.) The court declined to exercise supplemental jurisdiction over the state-law claims and dismissed them without prejudice. (See Mem. and Order at 5,6).)

1

## II. SANCTIONS

Following the schedule set by the court, the City moved for Rule 11 sanctions, arguing that Brown and Okoli failed to investigate the allegations of the Complaint before bringing suit and failed to "withdraw the Complaint after they knew, or should have known, that plaintiff's claims did not belong in federal court." (See City Mem. (Docket Entry # 30) at 1.) The City relies on the court's holding that Bell's actions "can only be characterized as a personal pursuit" and relevant case law cited in the Order to argue that "the law was clearly established at the time the Complaint was filed, such that the plaintiff's attorneys should have known that plaintiff's claims did not belong in federal court." (See City Mem. at 5-6.)

"Rule 11 is violated only when it is patently clear that a claim has absolutely no chance of success." Oliveri v. Thompson, 803 F.2d 1265, 1275 (2d Cir. 1986) (internal quotation marks and citations omitted). "Liability for Rule 11 violations requires only a showing of objective unreasonableness on the part of the attorney or client signing the papers." ATSI Communications, Inc. v. Shaar Fund, Ltd., 579 F.3d 143, 150 (2d Cir. 2009) (internal quotation marks and citations omitted). "Under Rule 11, to avoid the risk of sanctions, a plaintiff's counsel must undertake reasonable inquiry to ensure that papers filed are well-grounded in fact, legally tenable, and not interposed for any improper purpose." Young v. Suffolk County, 705 F. Supp. 2d 183, 214 (E.D.N.Y. 2010) (Citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) and Gal v. Viacom Int'l, Inc., 403 F.Supp. 2d 294, 307 (S.D.N.Y. 2005)) (internal quotation marks omitted). There is no basis to conclude that the Complaint is frivolous from a legal standpoint or interposed for any improper purpose. The Complaint alleged that Bell was on duty during the altercation. (See Compl. at ¶ 17.) Although the court granted the motion to dismiss after concluding that merely being on duty, with no other relevant facts alleged, was

2

insufficient to find that Bell was acting under color of law, the fact that the court dismissed the Complaint is not enough to justify sanctions. See Young, 705 F.Supp. 2d at 214 ("The fact that certain claims did not survive a motion to dismiss does not warrant the impositions of sanctions. . ."); see also Mareno v. Rowe, 910 F.2d 1043, 1047 (2d Cir. 1990) ("The positions advanced by [plaintiff] and his attorney, however faulty, were not so untenable as a matter of law as to necessitate sanction. Nor did they constitute the type of abuse of the adversary system that Rule 11 was designed to guard against."). The court did note that Bell's on-duty status was relevant, although not dispositive, to the issue of whether Bell acted under color of law. (See Mem. and Order at 4.) Therefore, Plaintiff's 1983 claim was not so untenable as to merit sanctions.

### III. CONCLUSION

As set forth above, the City's motion for Rule 11 sanctions is DENIED. Each party shall bear its own costs. The Clerk of Court is directed to close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
March 20, 2012

NICHOLAS G. GARAUFIS
United States District Judge